The People of the State of Illinois, Plaintiff-Appellee, *v.* Gregory O. Sobol, Defendant-Appellant.

(No. 73-259; ▮▮▮▮▮▮

Third District—March 11, 1975.

Paul F. Davidson, of Kankakee and Edward M. Genson, of Chicago (Richard Levin, of counsel), for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Gregory O. Sobol, the defendant, was charged with the offense of public intoxication in violation of an ordinance of the city of Kankakee and also with the offense of having possession of cannabis in violation of our state statutes. (Ill. Rev. Stat. 1971, ch. 56½, par. 704(c).) For purpose of trial these offenses were consolidated. The defendant filed a motion to suppress evidence and after a hearing this motion was denied. The defendant waived trial by jury and further stipulated that the evi-

dence heard on the motion to suppress together with a stipulated labora-
tory report as to the content of the substance and its weight found on his
person would constitute the evidence in the defendant's trial for the
offense of possessing cannabis. After an inquiry by the trial court it was
further stipulated that the trial of the defendant for the charge of public
intoxication would be had upon a stipulation of the evidence. The trial
court upon the same day that these stipulations were entered into, being
March 26, 1973, found the defendant guilty. The court imposed upon
the defendant a fine of $100 and charged costs against him in the sum
of $33. After the imposition of this penalty, counsel for the defendant
moved that there be a stay of proceedings for the purpose of filing post-
trial motions. This motion was granted and the cause was continued to
April 23, 1973. A motion for a new trial or in the alternative that judg-
ment against the defendant be arrested was filed on April 24, 1973.
Among the grounds alleged in support of such motion, the defendant for
the first time attacks the constitutionality of the ordinance of the city of
Kankakee relating to public intoxication.

After hearing arguments on the defendant's post-trial motion, the
court ordered that the judgment of guilty on the charge of public intoxi-
cation be arrested but denied the motion as to the finding of guilty and
the fine imposed as to the crime of possession of cannabis.

It is the defendant's contention that the ordinance of the City of
Kankakee relating to public intoxication is unconstitutional since the
same fails to provide for a penalty and therefore an alleged violation of
the ordinance cannot stand. The defendant carries his argument further
by claiming that a search made pursuant to an illegal arrest under an
ordinance which is a legal nullity is an unreasonable search and the
fruits derived from such a search should be suppressed.

The State counters the argument of the defendant by claiming that the
public-intoxication ordinance of the city does in fact provide for a
penalty but such penalty sections were not incorporated into the record
of this case. The State further contends that the defendant's argument as
to the constitutionality of the ordinance was for the first time raised in a
post-trial motion, being a month after his trial, and that consequently
such an issue has no standing for purposes of review before this court.
■■ We do not agree with the State that we are precluded from con-
sidering the constitutionality of an ordinance when that question is raised
for the first time in a post-trial motion. (See *Watson v. Chicago Transit
Authority,* 12 Ill.App.3d 684, 299 N.E.2d 58.) However, we do not deem
that question to be a decisive one in determining this appeal. We can-
not glean from the record the reasons why the trial court arrested judg-
ment on the public intoxication charge but assuming, arguendo, that the

defendant is correct in that the trial court's action was predicated upon the fact that it believed the city ordinance to be unconstitutional, we do not believe that an arrest under an unconstitutional ordinance makes an accompanying search unreasonable per se. It is our opinion that the true test is whether the search was reasonable or unreasonable and that this question can only be determined in the light of the circumstances in each case.

In the instant case the State produced two witnesses, one of whom was an arresting officer, who testified that in their opinion the defendant was intoxicated. They based their opinion on the fact that the defendant staggered when walking, his speech was slurred, his breath smelled of alcohol and that he had been attempting to start an automobile, not his own, with a set of keys that would not start the vehicle's ignition.

These facts present a far different set of circumstances than those found present in the cases relied on by the defendant, to-wit, *People v. Roebuck*, 25 Ill.2d 108, 183 N.E.2d 166; *People v. Galloway*, 7 Ill.2d 527, 131 N.E.2d 474.

In *Roebuck* and *Galloway* the reviewing court held that there was no basis for arresting the defendants because their actions did not constitute a criminal offense, nor were there any reasonable grounds for believing the defendants had violated an ordinance or committed a crime.

■■ In the instant case the testimony of the prosecution witnesses was unrebutted and it supplied ample facts to support an arresting officer to reasonably believe that the defendant was violating an ordinance prohibiting public intoxication, and therefore the search of the defendant's person was a reasonable one and the fruits of that search were admissible as evidence. Should a subsequent examination of an ordinance result in a determination that faulty drafting or enactment made it invalid, the alleged crime it charged must fall; however, in the light of facts such as we have in the instant case, we cannot conclude that the initial arrest and accompanying search was unreasonable.

For the reasons set forth the judgment of the Circuit Court of Kankakee County finding the defendant guilty of the crime of possessing cannabis and the penalty imposed thereon should be affirmed.

Affirmed.

ALLOY and DIXON, JJ., concur.