THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY WHITE, a/k/a Willie White, Defendant-Appellant.

First District (5th Division)    No. 76-539

Opinion filed July 22, 1977.

Ira I. Silbar, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Winifred H. Date, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendant, appealing from a violation-of-probation finding and the sentence imposed, presents the following issues for review: (1) whether a *bona fide* doubt of his competency had been raised; (2) whether the trial court erred in denying his motion to suppress evidence; (3) whether the State failed to prove a violation of his probation by a preponderance of the evidence; and (4) whether his sentence was excessive.

In January 1974, defendant pursuant to the terms of an agreement between the State and his counsel pleaded guilty to the offense of bribery. The trial court properly admonished him of his rights and of the consequences of such a plea and, persisting therein, he was found guilty of the crime charged and sentenced to two years probation. On July 18, 1974, he was arrested for an unrelated matter and found to be in possession of heroin, which formed the basis of the State's amended petition alleging that he had violated his probation.

At the commencement of the hearing on the petition, defendant moved to suppress the heroin taken from him after his arrest. To support this

motion, defendant called Officer Linvich, who testified that he was in court on July 16, 1974, and heard a bond forfeiture issued against defendant. Then, on July 18, Linvich observed a group of three or four men who appeared to be engaged in a drug transaction. Defendant, who had been arrested by Linvich on a previous occasion, was among the group and, when Linvich approached them, he saw defendant put his hand to his mouth and swallow a tinfoil packet. Upon coming closer, Linvich inquired about the bond forfeiture issued two days before. Defendant replied that it had been vacated, and Linvich asked him to sit in the squad car while he searched for a document showing the vacation. Upon his failure to find it, defendant was arrested. Thereafter, while leaning on the front seat of the squad car and facing defendant, who was in the rear seat, Linvich observed a bulge under defendant's stocking near his shoe top. A search by Linvich disclosed that the bulge was caused by nine tinfoil packets containing white powder that he believed was heroin—which it was later shown to be by chemical analysis.

The other men with defendant left the area when he accompanied Linvich to the squad car, and Linvich testified that he had not seen enough of the transaction between the men to furnish a basis for probable cause to arrest any of them on a charge of selling a controlled substance.

The motion to suppress was denied and, based upon his possession of heroin, defendant was found in violation of the terms of his probation. After reviewing his presentence report and hearing matters in aggravation and mitigation, the trial court sentenced him to five years probation—the first 270 days of which were to be served as periodic imprisonment.

Thereafter, defendant obtained other counsel who petitioned for a new hearing on grounds that certain matter contained in the presentence report raised a *bona fide* doubt as to his competency; that the trial court erred in denying the motion to suppress; and that the State's evidence concerning the violation of probation was improbable and implausible.

OPINION

■■ Defendant first contends that a *bona fide* doubt existed as to his competency. His position is that he was deprived of due process of law by the failure of the trial court to order a competency hearing *sua sponte* at the time of sentencing or, alternatively, by the trial court's erroneous determination that the defense had not, in fact, raised a *bona fide* doubt as to competency. We disagree. Sentencing is a critical stage of the proceedings, and a violation of due process occurs when one is sentenced while incompetent. (*People v. Salvaggio* (1976), 38 Ill. App. 3d 482, 348 N.E.2d 243.) While a presumption of sanity attends the accused (*People v. McKinstray* (1964), 30 Ill. 2d 611, 198 N.E.2d 829), the trial court should order a competency hearing *sua sponte* whenever a *bona fide* doubt exists

as to whether defendant understands the nature and object of the proceedings against him or as to his ability to assist counsel in his defense. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(a)(c); *People v. Ernest Hayes* (1975), 32 Ill. App. 3d 953, 337 N.E.2d 280.) Whether the facts and circumstances in a given case raise a *bona fide* doubt so as to require a hearing is a matter for the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. (*People v. Korycki* (1970), 45 Ill. 2d 87, 256 N.E.2d 798; *People v. Daliege* (1976), 40 Ill. App. 3d 706, 352 N.E.2d 247.) It has also been held that a prior medical history or adjudication of mental deficiency will not *per se* raise a *bona fide* doubt as to defendant's competency where the compilation of the report or the adjudication is remote in time. *People v. Barkan* (1970), 45 Ill. 2d 261, 259 N.E.2d 1; *People v. Chambers* (1973), 16 Ill. App. 3d 177, 305 N.E.2d 634 (abstract).

■■■ During oral argument before this court, defendant admitted that the prison diagnostic reports compiled by sociologists in 1967 and 1970, which came to light in the presentence report, are the only matter in the record which support his position. These reports label defendant as mentally retarded and defective and state that even greater motivation would not enable him to attain greater achievement in linguistic skills. Initially, we note our belief that such documents compiled five and eight years prior to sentencing by sociologists, without supporting or explanatory evidence, do not raise a *bona fide* doubt as to defendant's ability to understand the nature and object of the proceedings or to assist counsel in his defense, requiring the trial court to order a hearing *sua sponte*. (*Barkan; Chambers.*) Thus, we have examined the record to determine whether there is other support for defendant's position, and we have found none. To the contrary, the record reveals that the court had before it other factors which tended to establish competency. It knew that when his bribery case was called for trial, defendant delayed acceptance of the plea bargaining arrangement arrived at by the State and his counsel until he understood its terms. Additionally, there appears in the presentence report his version of the facts underlying the bribery conviction which discloses his understanding of the charge for which he was being sentenced. Concerning his ability to cooperate with counsel, the court was aware that the privately retained attorney who represented him during the bribery and probation revocation proceedings did not and has not complained of any problem of this nature. Further, the 1967 sociologist's and the presentence reports describe him as a cooperative person in answering questions and volunteering information. Accordingly, we can find no abuse of discretion in the trial court's determination that the defense failed to raise a *bona fide* doubt as to competency.

■■ Next, defendant contends that the trial court erred in denying his motion to suppress evidence. He takes the position that the arresting officer's belief that a warrant had issued for his arrest was unreasonable. He urges further that even assuming the validity of the arrest, the search was not incident thereto. Again, we disagree. A law enforcement officer who reasonably believes that a warrant has been issued against an accused may arrest him without having actual possession of the warrant. (Ill. Rev. Stat. 1973, ch. 38, par. 107—2(b); *People v. Dopak* (1973), 11 Ill. App. 3d 555, 297 N.E.2d 294 (abstract).) Moreover, the determination of the trial court as to the legality of the arrest after conducting a hearing on a motion to suppress will not be disturbed on review unless manifestly erroneous. *People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280.

Here, Linvich testified that he had been in court and heard a bond forfeiture issue against defendant two days prior to the arrest. When questioned by Linvich about the forfeiture, defendant did not deny it but replied that the court's order had been vacated. Upon these facts and circumstances, we think it was not unreasonable for Linvich to believe that a bond forfeiture warrant had issued against defendant and, when defendant failed to produce proof of the vacation of the forfeiture, it was reasonable for Linvich to believe the warrant was still outstanding. In view of the totality of the evidence, we cannot say that the trial court's determination of the validity of the arrest was manifestly in error.

Because we find the arrest to have been valid, defendant's contention that he made a *prima facie* showing of a want of probable cause to arrest need not be discussed further.

To support his contention that the search was not incident to arrest, defendant relies upon Linvich's testimony that he did not believe the bulge in the stocking contained a weapon and that he had not formed a belief as to what it was and upon the fact that, in an arrest for a bail violation, no fruits or evidence of crime may be expected to be on defendant's person. We find this position to be without merit. *Gustafson v. Florida* (1973), 414 U.S.260, 38 L. Ed. 2d 456, 94 S. Ct. 488, and *United States v. Robinson* (1973), 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467, upheld searches of the persons of those arrested for traffic violations where the arresting officers had no fear for their safety and where the discovery of concealed contraband was entirely fortuitous in light of the nature of the offenses for which they were being subjected to custodial arrest. As stated by the United States Supreme Court:

> "The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A

custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." 414 U.S. 218, 235, 38 L. Ed. 2d 427, 440-41, 94 S. Ct. 467, 477. Accord, *People v. Williams* (1975), 28 Ill. App. 3d 189, 328 N.E.2d 89; *People v. Symmonds* (1974), 18 Ill. App. 3d 587, 310 N.E.2d 208.

In the course of a search incident to a lawful custodial arrest "the discovery of a packet in defendant's sock, a location indicative of an attempt to conceal, justifies the officer in seizing the items as possible fruits of criminal activity." *People v. Nathaniel Hayes* (1973), 55 Ill. 2d 78, 82, 302 N.E.2d 37, 39.

■■ Here, we believe that the search of defendant's person was made incident to a lawful custodial arrest. Because the packets were discovered in a place indicating concealment, the search and their ultimate seizure were the result of sound investigative procedure. (*Robinson; Nathaniel Hayes.*) This procedure was particularly valid in the case at bar because the officer had observed activities which, while not in his opinion amounting to probable cause for arrest, appeared to have been a sale of drugs among defendant and his companions and, further, because he observed the swallowing of a packet by defendant. Thus, we can find no error in the trial court's denial of the motion to suppress.

Defendant's third contention is that, because the State's evidence was implausible and improbable, it failed its burden of proving a violation of probation by a preponderance of the evidence. We see no merit in this contention. A condition of probation requires that penal statutes not be violated (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(a)(1)) and, where such a violation is the basis of a revocation of probation, it must be established by a preponderance of the evidence. *People v. Dandridge* (1974), 20 Ill. App. 3d 745, 315 N.E.2d 116; *People v. Brooks* (1973), 14 Ill. App. 3d 93, 302 N.E.2d 244.

"[T]he finding of a violation of probation will not be disturbed simply because of a conflict in evidence. The trial judge who heard the evidence was in a better position to weigh the testimony of the witnesses than is a reviewing court, and we will substitute our judgment for that of the trial court only when the testimony is contrary to the manifest weight of the evidence and not where the evidence is merely conflicting. [Citation.]" *People v. Crowell* (1973), 53 Ill. 2d 447, 451-52, 292 N.E.2d 721, 723.

Here, Linvich testified that he obtained nine packets containing a white powder from beneath defendant's stocking and that he transmitted them to the crime lab for chemical analysis. The lab report stated that two of the packets were subjected to analysis, and the powder was found to be heroin. Defendant argues, however, that the officer's testimony was so incredible and implausible in two aspects that it must be wholly discounted. We fail to find the testimony to be of such character.

■■ First, we do not find it incredible or implausible that a person located in the front seat of an automobile while facing the rear portion of the vehicle could observe a bulge in the stocking at the top of the shoe of a person seated in the back seat. This is especially true here, as Linvich testified that he was leaning on the front seat as he viewed defendant—a position which would tend to give him the advantage of additional height to observe the lower area of the back seat and, as the bottoms of defendant's trousers would be elevated while he was seated, the area just above his shoe tops could be visible as the officer testified.

■■ Second, it cannot be said that an officer's decision that he did not have probable cause to effect the arrest of known drug addicts who, from a distance, appeared to be dealing in drugs but who were not in the observable possession of contraband except for a momentary glimpse of a foil packet being successfully swallowed by one of the group, is in any manner improbable, implausible, or unbelievable. Consequently, while Linvich initially testified that he saw a drug transaction as he approached defendant and several others, we do not think this conflicts with his later testimony that he decided that he had not seen enough to arrest the group for transacting in drugs. Probable cause requires facts which would cause a reasonable belief that a crime is being committed, rather than bare sense impressions or suspicions that an offense may be in progress. *People v. Robinson* (1976), 62 Ill. 2d 273, 342 N.E.2d 356.

■■ Lastly, defendant contends that his sentence was excessive. We do not agree. Bribery is a Class 4 felony (Ill. Rev. Stat. 1973, ch. 38, par. 33—1(f)) for which the accused upon conviction may be sentenced to a maximum of five years probation (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—2(b)(1)), and in conjunction with probation may also be sentenced to serve a portion of that period as periodic imprisonment (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(e)). Upon finding one in violation of a condition of probation prior to the time of its expiration or termination, the trial court may continue the existing sentence, modify the conditions of such sentence, or impose any other sentence statutorily available at the time of the initial sentencing. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(e).) The imposition of a sentence which is within statutory limitations will not be disturbed on review absent a great departure from fundamental law. (*People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673.)

Resentencing, however, may not be used as a vehicle to punish defendant's conduct occurring subsequently to the rendition of the original conviction, as such matters are to be considered only in determining his rehabilitative potential. *People v. Stillwell* (1974), 23 Ill. App. 3d 796, 320 N.E.2d 120 (abstract).

In the instant case, the trial court specifically stated that it could sentence defendant only upon his conviction for bribery and not upon a determination that he possessed heroin, in violation of his probation. The sentence imposed was within statutory limits, and our review of the record reveals no departure from fundamental law in its imposition.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.