THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HAROLD DECUIR, Defendant-Appellee.

Third District   No. 79-460

Opinion filed June 5, 1980.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Alan D. Blumenthal, of Chicago, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal by the People of the State of Illinois (hereinafter referred to as the State) from an order of the Circuit Court of Will County suppressing evidence which would have otherwise been presented by the State at the trial of the defendant, Harold Decuir, for the offense of

possession of a controlled substance. At the hearing on the motion to suppress, it was brought out that the defendant was stopped on August 29, 1978, for speeding. It was stipulated that the stop was a good stop.

The defendant was driving on a ticket, which he gave to the officer when the officer requested his driver's license. The officer and the defendant then returned to the officer's squad car, and the officer called the radio dispatcher for a driver's license check on the defendant. The radio operator responded with a "warning alert." The officer had the defendant get out of the car and asked the radio dispatcher for what the defendant was wanted. The dispatcher informed him that a warrant for possession of cocaine with a $10,000 bond from Cook County was outstanding. The officer then placed the defendant under arrest on the warrant and handcuffed him and recontacted the dispatcher, asking him to confirm the warrant was still active. The radio dispatcher notified the officer that the warrant was still active and gave the officer the warrant number, LEADS number, and NCIC number.

The parties stipulated that on June 13, 1977, Judge Scotillo of the Circuit Court of Cook County issued the warrant in question. They further stipulated that on June 29, 1977, the warrant was quashed and recalled by Judge Scotillo. The parties later stipulated that the officer had every reason to believe and in good faith believed that the warrant was valid on the day he arrested·the defendant.

The officer, after arresting the defendant, advised him of his *Miranda* warnings. He then obtained permission to search the vehicle which the defendant had been driving. He found nothing in the vehicle and allowed the defendant's passengers to proceed on their journey.

The officer, having advised the defendant of his *Miranda* rights, then asked the defendant if he had any narcotics and the defendant replied, "the only drugs I have are in my front shirt pocket." The officer then removed the drugs from the defendant's pocket.

The trial court found that the original traffic stop of the defendant was valid and determined that the officer's actions in arresting the defendant were proper under the circumstances. However, the trial court further held that since the warrant underlying the defendant's arrest was no longer valid, the officer had no probable cause to arrest the defendant. Therefore, the trial court held that the arrest was illegal and suppressed the contraband found in the defendant's pocket.

This court has determined in a somewhat analogous situation that the subsequent invalidation of an ordinance which was the basis of the arrest will not render unreasonable the initial arrest and accompanying search. (*People v. Sobol* (1975), 26 Ill. App. 3d 303, 325 N.E.2d 118.) Furthermore, if a law enforcement officer reasonably believes that a warrant had issued against an accused, the officer may arrest the accused

even without having actual possession of the warrant, and a search incident to the arrest will be upheld as proper. (*People v. White* (1977), 51 Ill. App. 3d 155, 366 N.E.2d 491.) On the other hand, although a police officer who is assisting in the execution of an arrest warrant from another jurisdiction may assume that the warrant was issued on the basis of sufficient information to support an independent judicial assessment of probable cause, where the contrary turns out to be true, the illegal arrest can not be insulated from a challenge to the warrant, and the evidence illegally seized in an arrest made without probable cause must be suppressed. See *Whiteley v. Warden, Wyoming State Penitentiary* (1971), 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031.

Since the warrant issued in the case at bar had been quashed and since there does not appear to be any probable cause aside from the warrant for the arrest of the defendant, the reasoning in *Whiteley* appears to be controlling.

Accordingly, the suppression order of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.