THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CARLOS JOSEPH, a/k/a Joseph Carlos, Defendant-Appellant.

First District (5th Division)   No. 83—2939

Opinion filed November 9, 1984.

James J. Doherty, Public Defender, of Chicago (Debra Zisook and Alison Edwards, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Cuomo, and David A. Izzo, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

Following a stipulated bench trial in the circuit court of Cook County, defendant was found guilty of possession of a controlled substance (Ill. Rev. Stat. 1981, ch. 56½, par. 1402(b)) and sentenced to two years in the Illinois Department of Corrections. In this appeal, defendant contends that he was denied due process of law when he was arrested on the basis of a recalled warrant and there was no independent cause for his arrest.

Prior to trial, defendant filed a motion to quash his arrest and suppress the evidence which was obtained thereby. At the hearing on the motion, Officer Gerald Dahlberg testified that at about 2:30 p.m. on August 14, 1982, he and his partner were on routine patrol when they observed the defendant in the vicinity of 7059 South Halsted Street in Chicago. The officers, who were familiar with the defendant, put his name into the mobile computer unit in their car and received information that he was wanted on a bond forfeiture warrant for possession of a controlled substance.

On the basis of this information, Dahlberg arrested the defendant and informed him of the outstanding warrant. Defendant did not show him any recall slip or inform him that the warrant had been vacated, and after conducting a patdown search of defendant's person, Dahlberg led him to the squad car. As he did so, he saw defendant drop four pills to the ground.

The parties then stipulated that if attorney Umberto S. Davi were called, he would testify that he represented defendant on the bond forfeiture matter on August 3, 1982, when the bond forfeiture was vacated and the warrant was quashed and recalled. Defense counsel then requested the court to take notice of its own records, which

showed that bond was posted in the case on August 10, 1982.

After hearing the arguments of counsel, the court took the matter under advisement, then denied defendant's motion to quash the arrest and suppress evidence. In reaching this conclusion, the court determined that the officers acted reasonably in arresting defendant based on information which led them to reasonably believe that the warrant issued against the defendant was valid and outstanding at the time they effectuated the arrest.

Trial was held on a subsequent date and proceeded by way of stipulation after defendant was admonished by the trial court. The parties stipulated to the testimony which would be given by Officer Dahlberg concerning defendant's arrest and the recovery of the pills. This was substantially the same testimony that he had given at the hearing on defendant's motion to quash the arrest and suppress evidence. In addition the parties stipulated that the pills released by the defendant and recovered by the officer were inventoried and analyzed by a police department chemist. Two of the pills weighed .39 grams and tested positive for pentazocine, commonly known as Talwin. On this evidence the defendant was found guilty as charged and sentenced to a term of imprisonment.

In this appeal defendant contends solely that he was denied due process of law when he was arrested on the basis of a recalled warrant, that there existed no independent cause for his arrest, and that the trial court improperly denied his motion to quash arrest and suppress evidence. In support of his contention defendant relies principally on *Whiteley v. Warden of Wyoming State Penitentiary* (1971), 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031, and its progeny.

*Whiteley* held that a police officer was entitled to act upon information relayed to him in a police radio bulletin that a warrant existed for defendant's arrest, and could properly assume that the warrant was valid. However, when it was later determined that no probable cause existed for the issuance of the warrant in the first place and the warrant was, in fact, invalid, the evidence seized pursuant to the illegal arrest was subject to suppression. 401 U.S. 560, 568-69, 28 L. Ed. 2d 306, 313-14, 91 S. Ct. 1031, 1037-38.

Following this decision the court in *People v. Decuir* (1980), 84 Ill. App. 3d 531, 405 N.E.2d 891, applied the reasoning in *Whiteley* to a situation where defendant was arrested on the basis of a warrant which had been quashed and recalled about two weeks before the arrest took place. The court held that although a police officer who is assisting in the execution of an arrest warrant from another jurisdiction may assume that the warrant was issued on the basis of suffic-

ient information to support an independent judicial assessment of probable cause, where the contrary turns out to be true, the illegal arrest cannot be insulated from a challenge to the warrant, and the evidence illegally seized in an arrest made without probable cause must be suppressed. 84 Ill. App. 3d 531, 533.

On the basis of these cases and those in other jurisdictions which have reached similar conclusions, defendant contends that his arrest, based on the communication of erroneous information to the arresting officer, was invalid and the evidence seized incident thereto should have been suppressed. The State argues that the trial court properly denied defendant's motion to quash the arrest and suppress evidence because the arresting officer received information through police channels that defendant was wanted on a bond forfeiture warrant on the day of his arrest, and defendant did not tell the officer that the warrant had been vacated or show him a warrant recall slip.

As authority for its position, the State cites *People v. White* (1977), 51 Ill. App. 3d 155, 366 N.E.2d 491, where this court held that a police officer, who reasonably believes that a warrant has been issued against an accused, may arrest him without having actual possession of the warrant. In *White* the police officer had been in court and heard a bond forfeiture issue against the defendant two days before the arrest. When confronted, defendant stated that the order had been vacated, but failed to produce proof of it. On these facts this court found that it was reasonable for the police officer to believe that the warrant was still outstanding and upheld the validity of the arrest and the search incident thereto. 51 Ill. App. 3d 155, 160-61.

The State also asks us to consider the recently rendered decision in *United States v. Leon* (1984), 468 U.S. ___, 82 L. Ed. 2d 677, 104 S. Ct. 3405, and its application to the case at bar. In *Leon* the Supreme Court addressed the question of whether the fourth amendment exclusionary rule should be modified so as not to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by detached and neutral magistrates but ultimately found to be unsupported by probable cause. After considering the purposes of the exclusionary rule and the propriety of its application in a situation where police officers relied on a subsequently invalidated search warrant, the court concluded that under the circumstances presented, the officers' reliance on the warrant was objectively reasonable, and that the fruits of the search need not be excluded. (468 U.S. ___, ___, 82 L. Ed. 2d 677, 700-01, 104 S. Ct. 3405, 3423.) Applying this reasoning to the facts in the case at bar, the State maintains that the arresting officers' conduct in

acting upon information received from a police mobile computer unit that defendant was wanted on a bond forfeiture warrant, although vacated earlier, was objectively reasonable, and that the trial court's finding should be affirmed.

We are not convinced that the good-faith exception recognized by the Supreme Court in *Leon* is applicable to the case at bar. In that case, the court dealt with evidence seized by police officers acting on a facially valid search warrant which was issued by a State court judge after an independent determination of probable cause. In the case at bar, no such safeguard or intervening factor is present.

■ Rather, the situation here reflects the growing problem evolving from police reliance on electronically recorded and disseminated criminal files. When these computerized records are not kept up to date, a citizen may be subject to a deprivation of his liberty without any legal basis. See discussion in *United States v. Mackey* (D. Nev. 1975), 387 F. Supp. 1121; 1 LaFave, Search & Seizure sec. 3.5(d) (1978 & Supp. 1984).

In the case at bar the arresting officer received computerized information that there was a warrant outstanding against the defendant, and he arrested defendant solely on that basis. The warrant, in fact, had been recalled 11 days earlier. During this period of time defendant was subject to arrest through no fault of his own, and only because information had been retained in the system when it was no longer valid. See *People v. Jennings* (1981), 54 N.Y.2d 518, 446 N.Y. Supp. 2d 229, 430 N.E.2d 1282.

■ In *Leon* the Supreme Court observed that the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates. (468 U.S. ___, ___, 82 L. Ed. 2d 677, 695-96, 104 S. Ct. 3405, 3419.) The situation in the instant case reflects a matter within the responsibility and control of police authorities who failed to update their records to accurately reflect defendant's current status. In this age of computerization, we do not believe it would be appropriate to sanction the arrest here, thereby allowing law enforcement authorities to rely on an error of their own making. (*People v. Lawson* (1983), 119 Ill. App. 3d 42, 456 N.E.2d 170.) Moreover, it is our opinion that the good-faith reliance of the arresting officer, in acting upon information provided to him through police channels, cannot overcome the intrusion made upon defendant's fourth amendment rights. See *People v. Jennings* (1981), 54 N.Y.2d 518, 446 N.Y. Supp. 2d 229, 430 N.E.2d 1282.

■ Although the duration of the computer inaccuracy in the instant case is not as lengthy as the duration found in other decisions

(*e.g., Mackey* (five months); *Jennings* (four months)), we do not believe the 11-day span here may be attributed to "justifiable administrative delay." (*Childress v. United States* (D.C. App. 1977), 381 A.2d 614 (four-day delay which included one weekend).) Nor do we find it akin to the situation in *White*, where the officer relied on his own personal information that a warrant had issued against defendant two days prior to the arrest. See also Ill. Rev. Stat. 1981, ch. 38, par. 107—2(b).

■■ On this record, which shows that defendant was arrested solely on the basis of a warrant which had been recalled 11 days prior to the arrest, we conclude that the arrest was invalid, and that defendant's motion to quash his arrest and suppress evidence should have been granted.

The judgment of the circuit court of Cook County is therefore reversed, and the cause remanded for further proceedings consistent with the above.

Reversed and remanded.

MEJDA, P.J., and SULLIVAN, J., concur.