THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PAUL A. MOURECEK, Defendant-Appellee.

Second District No. 2—90—0090

Opinion filed January 29, 1991.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ronald Sadowski, of Oak Brook, for appellee.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d. R. 604(a)(1)) from an order of the circuit court of Du Page County granting the motion of defendant, Paul A. Mourecek, to quash arrest and suppress evidence.

As the result of a traffic stop on February 14, 1989, defendant was cited for having only one taillight on his vehicle (Ill. Rev. Stat. 1989, ch. 95½, par. 12–201(b)) and for having no light on the rear registration plate (Ill. Rev. Stat. 1989, ch. 95½, par. 12–201(c)). Defendant was also charged by complaint with unlawful possession of less than 15 grams of a substance containing cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)), armed violence (Ill. Rev. Stat. 1989, ch. 38, par. 33A–2), unlawful use of weapons (Ill. Rev. Stat. 1989, ch. 38, par. 24–1(a)(4)), and failure to have a firearm owner's identification (FOID) card in his possession (Ill. Rev. Stat. 1989, ch. 38, par. 83–2). On March 10, 1989, defendant was indicted on one count of unlawful possession of cocaine and one count of armed violence. On May 1, 1989, defendant filed a motion to quash arrest and suppress evidence which was subsequently granted following a hearing.

The following issues are presented for review: (1) whether it was manifestly erroneous for the trial court to grant defendant's motion to suppress evidence where defendant was arrested based on an un-

confirmed bench warrant which turned out to have been quashed and recalled one month prior to the arrest; and (2) whether it was manifestly erroneous for the trial court to find that there was no independent basis constituting probable cause for defendant's arrest.

The testimony of Officer Ross R. Brenza of the Village of Westmont police department, the only witness at the suppression hearing, reveals the following facts. Officer Brenza observed defendant's pickup truck traveling southbound on Cass Avenue in Westmont at approximately 8:40 p.m. on February 14, 1989. The vehicle had only one taillight operating, and Brenza had difficulty reading the license plate because there was no light for the registration plate. Brenza activated his emergency lights to stop the vehicle. The truck pulled into a service station. Defendant exited the vehicle. Officer Brenza informed defendant of the violations and asked him for a driver's license or identification. Defendant said he did not have a driver's license on him nor did he have his wallet. He gave his name to Brenza orally. Officer Brenza had defendant write down his name and date of birth. Defendant was cooperative, although he appeared nervous.

Officer Brenza, standing near defendant, ran a check of the name and date of birth from his portable radio. After about a minute, Officer Brenza was advised by his base dispatcher that defendant had a valid license, but that there was an outstanding warrant for the failure of defendant to appear in court for disobeying a traffic control device. Defendant said that the matter had been taken care of, but he had no papers to prove this.

At this time, Officer Charles Cordero arrived as a backup and began speaking with defendant, whom he knew. Officer Brenza walked around defendant's vehicle with a flashlight and observed two loaded ammunition clips lying on the floor of the driver's side of the vehicle. Brenza then told defendant that he was under arrest and told him to place his hands on the hood of the vehicle. Defendant took his hands out of his pockets and put them into the air. He stated that he would not cause any problems and that the gun was in his right front jacket pocket. Officer Cordero searched defendant and retrieved the weapon.

When defendant's attorney first asked Officer Brenza the offense for which defendant was arrested, Brenza replied, "[a]t that time, for our safety, and traffic offenses and outstanding warrant out of the police department of Willowbrook." When asked whether defendant was arrested for "something to do with the clips," Officer Brenza responded, "[a]t that time, it was for the outstanding warrant, for the traffic, and depending to see if he had a FOID card for possession of ammunition." Officer Brenza also stated that the arrest was based on

seeing the clips in the car, the outstanding warrant, and the traffic offenses. He further stated that there was no way of confirming the warrant that night on the street.

On redirect examination, Officer Brenza said that while he was awaiting confirmation of the warrant, he observed the ammunition clips. He arrested defendant, believing there was probably a weapon involved, at about the time of receiving the confirmation. He also acknowledged that at the time he saw the clips he did not know whether defendant had a FOID card.

Upon the request of defendant, the trial court judicially noticed its records indicating that the bench warrant at issue had been quashed on January 13, 1989, over 30 days prior to the date of this arrest.

The trial court found that the arrest could not be based on the quashed warrant and declined to apply the good-faith exception to the exclusionary rule as announced in *United States v. Leon* (1984), 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405. The trial court also found that, based on only the finding of the ammunition clips in the vehicle, the arrest was premature, although a search of his person may have been permitted had the arrest not been effectuated first.

■■ Preliminarily, we must address the standard of review on a motion to suppress. The State, citing *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543, contends that this case involves a question of law and, therefore, *de novo* review is appropriate. Defendant, citing *People v. Reynolds* (1983), 94 Ill. 2d 160, 445 N.E.2d 766, contends that the trial court's ruling will only be disturbed if it is manifestly erroneous. A trial court's ruling on a motion to suppress will not be disturbed unless it is manifestly erroneous (*People v. Gacho* (1988), 122 Ill. 2d 221, 237, 522 N.E.2d 1146), although when neither the facts nor the credibility of the witnesses is questioned, the question is a legal one subject to *de novo* review (*People v. Froio* (1990), 198 Ill. App. 3d 116, 120, 555 N.E.2d 770; *People v. Graves* (1990), 196 Ill. App. 3d 273, 277, 553 N.E.2d 810). In this case, questions of fact and credibility exist. Officer Brenza's testimony as to the precise basis for the arrest and the sequence of events leading to the arrest was subject to interpretation by the trial court. Thus, the manifestly erroneous standard is applicable.

The State first argues that the arrest was valid even though the bench warrant had been quashed. The State makes two contentions as to this issue: first, the State claims probable cause existed for the arrest based on the officer's reasonable reliance on the information that a warrant for defendant's arrest had been issued; second, the State asks this court to apply the good-faith exception to the exclusionary rule.

 Illinois Appellate Court decisions have held that, where the police make an arrest based upon radio-communicated police reports of an outstanding warrant which is later found to have been quashed and recalled, the arrest is invalid and evidence seized following the arrest must be suppressed. In each of these cases, the warrant had been quashed and recalled at least 11 days before the arrest took place. (*People v. Joseph* (1984), 128 Ill. App. 3d 668, 670-73, 470 N.E.2d 1303; *People v. Decuir* (1980), 84 Ill. App. 3d 531, 532-33, 405 N.E.2d 891; see also *Whiteley v. Warden of Wyoming State Penitentiary* (1971), 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031; *People v. Lawson* (1983), 119 Ill. App. 3d 42, 48-49, 456 N.E.2d 170.) As stated in *People v. Jennings* (1981), 54 N.Y.2d 518, 430 N.E.2d 1282, 446 N.Y.S.2d 229, quoted with approval by Professor Wayne R. LaFave: " 'An arrest is invalid when the arresting officer acts upon information in criminal justice system records which, though correct when put into the records, no longer applies and which, *through fault of the system,* has been retained in the records after it became inapplicable.' " (Emphasis in original.) 2 W. LaFave, Search & Seizure §3.5(d), at 24 (2d ed. 1987); see generally Annot., 45 A.L.R.4th 550 (1986).

The State argues, however, that *People v. White* (1977), 51 Ill. App. *3d 155, 366 N.E.2d 491,* should control our decision. In *White,* the arresting officer had been in court when a bond forfeiture issued against the defendant. When the officer saw the defendant two days later and inquired about the bond forfeiture, defendant replied it had been vacated, but defendant could not find the document of vacation. He was then arrested. (*White,* 51 Ill. App. 3d at 158, 366 N.E.2d at 493-94.) The appellate court held that it was reasonable for the officer to believe the warrant was outstanding and the ruling of the trial court upholding the arrest was not manifestly erroneous. (*White,* 51 Ill. App. 3d at 160, 366 N.E.2d at 495.) The opinion does not reveal whether the bond forfeiture was actually vacated.

 Without expressing an opinion on the correctness of the analysis in *White,* we find the case inapposite. The information in the case at hand was neither within the personal knowledge of the arresting officer nor was it within two days of the issuance of a bond forfeiture. In addition, we cannot determine from *White* whether the bond forfeiture had been vacated. Therefore, based on the foregoing authority, the arrest here based on the warrant which was quashed over 30 days prior to the arrest cannot support the validity of the arrest and the search thereto.

 The State next requests that this court apply the good-faith exception to the exclusionary rule set forth in *United States v. Leon* (1984), 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405. In *People v.*

*Joseph* (1984), 128 Ill. App. 3d 668, 470 N.E.2d 1303, the appellate court rejected a similar request by the State finding the situation in *Leon* inapplicable to a withdrawn warrant circumstance. (128 Ill. App. 3d at 672-73, 470 N.E.2d at 1306.) The good-faith exception in *Leon* only applies to good-faith violations resulting from searches conducted pursuant to technically invalid warrants. (*People v. Madison* (1988), 121 Ill. 2d 195, 207-08, 52 N.E.2d 374.) Illinois courts have consistently refused to apply the good-faith exception in cases where no warrant is present. See *People v. Bessler* (1989), 191 Ill. App. 3d 374, 379, 548 N.E.2d 52; *People v. Ross* (1985), 133 Ill. App. 3d 66, 74, 478 N.E.2d 575.

■ In this case, there was no existing warrant. The officer was not relying on a facially valid warrant which later proved to be technically invalid; rather, the officer was relying on electronically communicated information which turned out to be stale. Thus, because the officer was not relying on a warrant, the good-faith exception to the exclusionary rule is not applicable.

We address next the State's alternative argument that an independent basis for defendant's arrest existed because of the live ammunition clips found in plain view in defendant's truck and defendant's lack of identification. The State maintains that, based on this information, Officer Brenza had probable cause to arrest defendant for the offense of failure to possess a FOID card (Ill. Rev. Stat. 1989, ch. 38, par. 83—2) and the search was incident to a lawful arrest. The State notes that, because Officer Brenza earlier asked defendant whether he had any identification and defendant replied that he did not, it was reasonable to infer that defendant did not possess a FOID card. Defendant responds that Brenza did not know whether defendant possessed a FOID card, that the State argued below that the discovery of the ammunition warranted *Terry*-type questioning to ask defendant if he had a card, not probable cause to arrest, and that Brenza admitted that at the time he arrested defendant for the outstanding warrant it was also to see if he had a FOID card.

■ A person commits the offense of failing to possess a State FOID card when he possesses a firearm or firearm ammunition without having a FOID card in his immediate possession. (Ill. Rev. Stat. 1987, ch. 38, par. 83—2; *People v. Elders* (1978), 63 Ill. App. 3d 554, 559, 380 N.E.2d 10; see *People v. Lofton* (1977), 69 Ill. 2d 67, 72, 370 N.E.2d 517.) The mere ownership of a card by a person in possession of a firearm or firearm ammunition is not sufficient compliance with the statute; he must then also have the card on his person. *Elders*, 63 Ill. App. 3d at 559, 380 N.E.2d at 15.

■ Officer Brenza testified that after seeing the ammunition clips,

he decided to arrest defendant for the outstanding warrant, for traffic offenses, and "to see if he had a FOID card for possession of ammunition." Thus, considering Officer Brenza's testimony, it appears that at the time of defendant's arrest, Brenza articulated a concern that defendant did not possess a FOID card even though the arrest was based principally on the outstanding warrant. Nevertheless, Illinois decisions have held that the test for determining the validity of the arrest is whether the officer had actual probable cause to arrest the defendant, not whether the officer articulated the correct basis for the arrest. (*People v. Kincy* (1982), 106 Ill. App. 3d 250, 254, 435 N.E.2d 831; see also *People v. Corrigan* (1985), 129 Ill. App. 3d 787, 792, 473 N.E.2d 140.) Thus, if the arrest is properly supported by probable cause to arrest for a certain offense, neither the officer's subjective reliance on an offense for which there is no probable cause nor his verbal announcement of the wrong offense vitiates the arrest (*Kincy,* 106 Ill. App. 3d at 254, 435 N.E.2d at 834-35), and it does not foreclose the State from later justifying the arrest by proving probable cause on another basis (*Florida v. Royer* (1983), 460 U.S. 491, 507, 75 L. Ed. 2d 229, 242, 103 S. Ct. 1319, 1329).

In the case at bar, Officer Brenza found two ammunition clips in defendant's vehicle. He also knew that defendant had earlier stated he had no identification. We conclude that this was sufficient probable cause to justify an arrest for not having possession of a FOID card, even though, as stated earlier, this was not the actual basis for the arrest. Consequently, following this lawful arrest, the police were entitled to conduct a search incident to the arrest. (See *New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860.) Accordingly, in this case, the gun found on defendant's person was properly seized.

For the foregoing reasons, the order of the circuit court quashing the arrest and suppressing the evidence seized was manifestly erroneous, and the order is reversed and the cause remanded for further proceedings.

Reversed and remanded.

UNVERZAGT and DUNN, JJ., concur.