THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT B. SULLIVAN, Defendant-Appellee.

Second District   No. 2—91—0637

Opinion filed April 28, 1993.

David R. Akemann, State's Attorney, of Geneva (William L. Browers, Lawrence M. Bauer, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Fred M. Morelli, Jr., of Law Offices of Morelli & Cook, of Aurora, and Vincent C. Argento and Jesse V. Barrientes, both of Law Offices of Vincent C. Argento, of Elgin, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)) from an order of the circuit court of Kane County granting the motion of defendant, Robert B. Sullivan, to quash arrest and suppress evidence.

Defendant was arrested when his van was illegally parked on August 30, 1989, because his name was on the active warrant list for the Batavia police department. After his arrest, his van was first

searched pursuant to an inventory search and later searched pursuant to a search warrant. As a result of contraband found during the second search, defendant was charged with two counts of unlawful possession with intent to deliver a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(b)(2)). On September 19, 1989, the defendant was indicted on two counts of unlawful possession with intent to deliver a controlled substance. On May 9, 1991, defendant's motion to quash arrest and suppress evidence was granted following a hearing. The State filed a certificate of impairment and appeals. The sole issue on review is whether it was manifestly erroneous for the trial court to grant the defendant's motion to quash arrest and suppress evidence based on a stale warrant or a traffic violation. We affirm.

A hearing on the motion to suppress was conducted, at which the two arresting officers and the defendant testified. Based on that testimony, the events that occurred on August 30, 1989, were as follows: at 1:23 p.m. Batavia police officer Carl Ensign observed the defendant's van parked in a shopping center parking lot tow-away zone. Ensign radioed to see if there were any active warrants on the defendant. He received a response by radio that there was a valid warrant for defendant for contempt of court. Ensign approached the defendant and advised him that there was a warrant for his arrest in a civil case. Defendant told Officer Ensign that the warrant had been dismissed and asked the officer for permission to look for his bond receipt in the van. Ensign would not permit defendant to look for it. At that point, defendant got out of the van at Ensign's request. Ensign then arrested the defendant. Sergeant Michael Rappley backed up Ensign. At the scene, the police began to search the van. Defendant refused permission for the search of the van. Ensign then took the defendant to the Batavia police station. Evidently, the defendant had been sued previously in a civil case and a judgment had been rendered against him. He had failed to make a court appearance on a citation to discover assets. Upon learning of the body attachment, the defendant had posted bond on it and had been released the previous month. Evidently, his name was not taken off the active warrant list. On August 30, 1989, when they had the defendant in custody, the police discovered that the warrant was not outstanding, and defendant was released after 15 to 20 minutes.

When the defendant was taken into custody at the shopping center parking lot, Sergeant Rappley remained at the scene of the arrest with the intent of inventorying defendant's vehicle and having it towed to the police department garage. The Batavia police department has an inventory search policy. He found several things in the

van, such as defendant's wallet, a small amount of cash, a checkbook, some cocktail straws in a Curad bandage box, and more straws in a baggie. Sergeant Rappley believed the straws to be paraphernalia commonly used to inhale cocaine. Rappley had had prior contact with the defendant, as he had arrested the defendant on a traffic stop one year earlier when he found cocaine packaged in the defendant's vehicle. After the search, the van was towed to the police department garage.

In order to verify his theory on the cocktail straws, and after a call to the State's Attorney's office, Rappley ordered a dog sniff. The dog, which was trained to detect the presence of drugs by odor, reacted to a box of the suspected paraphernalia on two tests. On advice of an assistant State's Attorney, Rappley drafted a search warrant and presented it to a judge. Although Rappley knew that the warrant on which the defendant was arrested was not a valid warrant, he did not include that information in the search warrant affidavit. The judge signed the search warrant. By this time, the defendant had been released without charge. However, the van was kept in police custody. Another search of the van was conducted. This time, controlled substances were found, and the defendant was subsequently arrested for a second time and charged. Defendant was indicted on two counts of unlawful possession with intent to deliver a controlled substance. The trial court granted the defendant's motion to quash and suppress evidence after a hearing. The State filed a certificate of impairment and notice of appeal.

A trial court's rulings on a motion to quash arrest and a motion to suppress will not be disturbed on review unless they are manifestly erroneous. *People v. Gacho* (1988), 122 Ill. 2d 221, 234, 237.

The State relies on *People v. Mourecek* (1991), 208 Ill. App. 3d 87, 94, to stand for the proposition that no matter what the police articulate as the reason for the stop, if the police had actual probable cause to arrest the defendant, they are not foreclosed from later justifying the arrest by proving probable cause on another basis. Thus, the State contends, a basis independent from the stale warrant existed for the arrest, that is, the fact that defendant's vehicle was illegally parked was probable cause for his arrest. Moreover, the State argues that defendant's second arrest was made after the search of defendant's van pursuant to the search warrant which revealed the presence of controlled substances. Thus, the State argues, probable cause was established for both arrests. Furthermore, the State maintains, the first search was proper as it was incident to the arrest of the defendant and the second search was proper as it was based on the search

warrant. Defendant asserts that any evidence obtained from a search incident to an arrest on an inactive warrant must be suppressed. Furthermore, he argues, a traffic violation such as illegal parking in a tow-away zone does not establish probable cause to subject an individual to a custodial arrest accompanied by a search incident to that arrest.

■ According to the testimony, the arrest and subsequent search were performed due to the officer's belief that there was a warrant out for defendant's arrest. Where police fail to update their warrant records to remove an individual's name from an active warrant list, any evidence obtained from a search incident to the arrest on that inactive warrant must be suppressed. (*People v. Joseph* (1984), 128 Ill. App. 3d 668, 673.) In *Joseph*, the police failed to update their records to show that a warrant had been recalled. The court concluded that when an arresting officer relies on information in the criminal justice system which is incorrect, an arrest is invalid. (*Joseph*, 128 Ill. App. 3d at 673; accord *Mourecek*, 208 Ill. App. 3d at 92.) On this basis, it would be improper for the State to rely on the stale warrant to establish probable cause to arrest defendant and search his vehicle.

■ The State likens the present case to *Mourecek*, wherein the arrest was made pursuant to an equipment violation on a vehicle. However, *Mourecek* may be distinguished. In that case, although the initial stop was made on a vehicle equipment violation, probable cause was established by the fact that live ammunition was in plain view in the vehicle, and defendant indicated he had no identification, thus permitting the arresting officer to conclude that defendant did not have the requisite firearm owner identification (FOID) card. Defendant's possession of live ammunition and a firearm on his person while failing to possess a FOID card constituted an offense. (*Mourecek*, 208 Ill. App. 3d at 94.) In the present case, the defendant was merely illegally parked in a tow-away zone. Under those circumstances it would have been proper to issue a ticket, but not to subject defendant to custodial arrest and then a search of his vehicle. A stop of a vehicle for a minor traffic violation does not, by itself, justify a search of the detainee's person or vehicle. (*People v. Penny* (1989), 188 Ill. App. 3d 499, 502.) In order to establish probable cause, an officer must reasonably believe he is confronting a situation more serious than a minor traffic violation. (*Penny*, 188 Ill. App. 3d at 502.) There was no reason for such a belief in this case. Defendant was merely illegally parked. He was arrested outside his vehicle. There was no reason for the arresting officer to believe he was confronting a situation more serious than a minor traffic violation. Thus, probable cause was not

established for the arrest and search of the vehicle on the basis of the traffic violation. Thus, because no probable cause was established to permit the arrest of defendant and permit the first search of his vehicle, we determine that any evidence obtained as a result of this arrest and search was unlawfully obtained. Furthermore, as the search warrant was based on a stale warrant for defendant's arrest and on evidence gathered during the first, unlawful search, we determine that any evidence obtained pursuant to the search warrant was unlawfully obtained. Thus, on the basis of the reasoning herein set forth, we affirm the trial court's order granting the defendant's motion to quash arrest and suppress evidence.

The order of the circuit court of Kane County granting defendant's motion to quash arrest and suppress evidence is hereby affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.