THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT RAYFORD, Defendant-Appellant.

First District (1st Division)   No. 1—94—3458

Opinion filed June 3, 1996.—Rehearing denied July 15, 1996.

Rita A. Fry, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Michael Cho, and Peter Burdi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BRADEN delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, defendant, Robert Rayford, was convicted of the unlawful use of weapons by a felon (720 ILCS 5/24—1.1(a) (West 1994)) and was sentenced to a term of four years and six months of imprisonment in the Illinois Department of Corrections.

On appeal, defendant contends that his motion to suppress evidence was improperly denied as the computerized report relied upon by the police prompting his arrest was erroneous and there was consequently no probable cause for the arrest.

We affirm.

On January 13, 1994, defendant was sitting on the passenger's side of a car near 4759 South Michigan in Chicago with the motor running. Officer Thomas Eich noticed defendant in the car and ran a check of the license plates through his mobile computer. The results of the search revealed that the car had been reported stolen on December 29, 1993. Officer Eich approached the vehicle and asked defendant to step outside the car. Defendant was taken into custody. Eich then recovered a diaper bag that was on the floor of the car between defendant's feet. The bag contained two semi-automatic weapons.

Defendant told Officer Eich that he had borrowed the car from his uncle, Ricky Rayford. Officer Eich then contacted Ricky Rayford, who confirmed that he loaned his car to defendant. Officer Eich also learned that the vehicle had allegedly been recovered on December 30, 1993, although the record is unclear as to how he obtained this information.

Prior to trial, a hearing was conducted on defendant's motion to suppress evidence at which the aforementioned evidence was adduced through Officer Eich. He was the sole witness at the hearing. After hearing the testimony of the officer and arguments on both sides, the trial court denied defendant's motion, finding as follows:

> "It's the officer's state of knowledge at the time, which is crucial through official police channels, the officer was told that the car in which the Defendant was seated was a stolen car, and in fact it had earlier been stolen or reported stolen. It was thus reasonable for the officer to arrest the Defendant and to recover the diaper bag ***, placed between the Defendant's feet and check that bag for any weapons and for the officer's own protection.
>
> The fact that the car was later determined to have been recovered *** did not affect the officer's right to act on his knowledge at the time of the confrontation with the Defendant and the Defendant did not have the same full name as the owner of the car in question."

Defendant was ultimately convicted of unlawful use of weapons by a felon and sentenced to a term of four years and six months of imprisonment in the Illinois Department of Corrections. He appeals.

■ The sole issue on appeal is whether defendant's motion to quash arrest and suppress evidence was erroneously denied. A court of review will not overturn a trial court's ruling on a motion to suppress evidence unless it is manifestly erroneous. *People v. Janis*, 139 Ill. 2d 300, 565 N.E.2d 633 (1990). The proper search of a vehicle by the police necessitates a search warrant unless the circumstances give rise to particular exceptions to the warrant rule. *United States v. Ross*, 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157 (1982).

If a police officer makes a warrantless search he must have probable cause. Probable cause for a warrantless search is established when the officer reasonably believes that he is faced with a situation more serious than a minor traffic violation. *People v. Lawrence*, 174 Ill. App. 3d 818, 529 N.E.2d 63 (1988). If the warrantless search is conducted pursuant to a stale warrant, *i.e.*, where the police fail to update their warrant records, any evidence resulting from the search must be suppressed. In other words, the State may not rely on an inactive warrant to demonstrate probable cause to arrest a defendant and search his vehicle. *People v. Sullivan*, 243 Ill. App. 3d 830, 612 N.E.2d 1000 (1993).

This court has visited the stale warrant issue various times yet we have never been confronted with circumstances such as those presented by defendant's case. Defendant nonetheless relies on several of our decisions. The first, *People v. Joseph*, 128 Ill. App. 3d 668, 470 N.E.2d 1303 (1984), involved a situation where two police officers observed the defendant in a particular area and ran his name through their computer to ascertain whether there were any outstanding warrants on him. They discovered that the defendant was wanted on a bond forfeiture warrant for possession of a controlled substance. The officers arrested the defendant. As the defendant was arrested, one of the officers saw him drop four pills on the ground.

Prior to trial on possession of a controlled substance charges, a hearing was conducted on the defendant's motion to quash arrest and suppress evidence. Therein it was stipulated that if the defendant's attorney were called to testify he would state that he represented the defendant on the bond forfeiture matter and that it was vacated and the warrant quashed and recalled. The court's own records reflected that bond was posted in the case four days before the defendant was arrested. The trial court denied the defendant's motion.

This court reversed and remanded this case, finding that as the defendant's arrest was based on erroneous information, the arrest was invalid and the evidence seized pursuant thereto should have been suppressed. Unlike defendant's case, it is clear that the warrant pertaining to the *Joseph* defendant had been quashed. Accordingly, it was determined that the police knew of this and failed to update the information in their computer. This case turns on police error as it relates to a matter within their responsibility and control.

The second case upon which defendant relies is *People v. Penny*, 188 Ill. App. 3d 499, 544 N.E.2d 1015 (1989), which illuminates the parameters of the probable cause requirement in the context of effecting a search of a suspect's vehicle. In *Penny,* a police officer pulled the defendant over to the side of the road because he was driving with an expired license plate sticker. The defendant exited the car and walked over to the police officers. One officer asked to see the defendant's driver's license and the other walked over to the defendant's car and looked inside. This officer saw a package wrapped in brown opaque material on the floor of the car. The officer inquired as to the contents of the package. The defendant stated that he did not know because the car was not his. The officer opened the door of the car and took out the package. He poked a hole in it with a knife and found a white powdery substance he believed to be cocaine. The defendant was arrested.

At the motion to quash and suppress hearing, the trial court found that the officers were checking out their suspicions on a mere traffic violation, which was not enough for probable cause. This court affirmed the trial court, finding that stopping a motorist for a traffic violation does not justify a search of the motorist's person or vehicle. In other words, reasonable suspicion does not constitute probable cause.

Considering defendant's case in the context of *Penny,* the record supports the fact that defendant's arrest was predicated on the stolen car offense rather than a mere traffic violation. Officer Eich testified that he observed defendant sitting in the passenger's side of a vehicle which was running. He ran the plates through his mobile computer and discovered that the car was stolen. It was only then that he exited the car and approached defendant. There was no reasonable suspicion on the officer's part. The officer knew that he was observing a person in a stolen car. Pursuant to this knowledge, he asked defendant to step out of the car. The officer testified that as he stood next to the car he saw the bag between defendant's legs before defendant got out of the car. Defendant's case does not involve a situation in which a traffic violation was used as a subterfuge to obtain additional evidence having no basis other than suspicion.

*People v. Decuir*, 84 Ill. App. 3d 531, 405 N.E.2d 891 (1980), involved circumstances where the defendant was arrested pursuant to a warrant that had been recalled and quashed two weeks prior to the arrest. The arrest warrant was from a jurisdiction other than that in which the defendant was arrested. The court found that a police officer acting pursuant to a warrant from another jurisdiction can presume that the judicial assessment of probable cause to issue the warrant was sufficient, but where it is later determined that there was no probable cause, the evidence seized must be suppressed.

The issue in defendant's case did not involve a deficiency in the warrant which ultimately led to the exclusion of evidence confiscated pursuant thereto. The pivotal determination in defendant's case is whether the computer data accurately reflected all of the information about the stolen car known to the police at the time of defendant's arrest. *Decuir* does not address this issue and it is both factually and substantively inapplicable to defendant's case.

Defendant also seeks support from *People v. Mourecek*, 208 Ill. App. 3d 87, 566 N.E.2d 841 (1991). In *Mourecek*, the defendant was stopped by the police because his license plate was unreadable. The defendant exited the car and told the officer that he did not have his driver's license. The officer then ran the defendant's name through the computer and discovered that there was an outstanding warrant on him for failure to appear in court for disobeying a traffic control device. Another officer then arrived at the scene and spoke to the defendant. While the second officer spoke to the defendant, the first officer proceeded to shine his flashlight into the defendant's car. He observed two loaded ammunition clips on the floor of the driver's side of the car. The officer told the defendant that he was under arrest. The officer also retrieved a gun from the defendant's coat pocket. Later it was discovered that the bench warrant issued for the defendant had been quashed a month prior to his arrest.

The trial court found that the arrest was erroneous and granted the defendant's motion to quash arrest and suppress evidence. This court held that an arrest warrant is invalid when a police officer acts upon outdated records of law enforcement authorities which, through the fault of the system, were retained subsequent to their becoming inapplicable.

■ Turning to the facts of this case, there is no evidence that defendant's arrest was predicated on erroneous information negligently retained in the police computer. There is nothing in the record by which this court can reasonably determine either the manner in which the car was recovered or when the car was recovered. There is no evidence that the police recovered the car. There is similarly no

evidence that defendant's uncle notified the police that his car had been recovered. The scope of the police department's knowledge is not self-evident. Any judgment this court would make as to the awareness of the police at the time of defendant's arrest would be speculative.

We do recognize that defendant would experience difficulty proving that the police knew the car had been recovered and failed to update their computer to reflect that information. Such a burden of proof would certainly be onerous. Notwithstanding the foregoing, we cannot make assumptions or draw inferences about the extent of the knowledge of the police which stretch the bounds of credulity. For example, we cannot conclude that the two-week interval between when the car was allegedly recovered and when defendant was arrested is an indication that the police knew the car had been recovered. The passage of time does not, in itself, support an inference that the police knew the car had been recovered and that, by the time of defendant's arrest, their records should have been updated accordingly.

As we are not presented with evidence demonstrating that defendant's arrest was a result of police negligence in failing to update their records, we find that the judgment of the trial court was not manifestly erroneous.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and WOLFSON, JJ., concur.