783 P.2d 829

**The STATE of Arizona, Appellant,**

v.

**Cecil Bobby GREENE, Appellee.**

**No. 2 CA–CR 89–0132.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 14, 1989.

Stephen D. Neely, Pima Co. Atty. by Mark C. Faull, Tucson, for appellant.

Susan A. Kettlewell, Pima County Public Defender by Frank P. Leto, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

The state appeals from the trial court's order partially granting a motion to suppress. We affirm.

On May 3, 1988, an officer of the South Tucson Police Department stopped appellee's van for a traffic violation. A records check run on appellee showed an outstanding city of Tucson warrant for failure to appear and for ficticious plates. Appellee was arrested and handcuffed. A search of his pockets revealed narcotics.[1]

It was subsequently learned that the arrest warrant upon which the officer relied had been quashed by Tucson City Court approximately eight months before appellee's van was stopped. The state's appeal relies on *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), in which the "good faith" of the arresting officer in executing a search warrant which was ultimately found to be based on less than probable cause was held to justify the court's refusal to apply the exclusionary rule.

We must first note that this case, unlike *Leon,* involved an arrest warrant, rather than a search warrant. The parties agree there are no Arizona cases dealing with *Leon's* application to the execution and ser-

---

1. The motion to suppress also addressed a "roach clip" which officers saw inside the van in plain view. The trial court refused to suppress that paraphernalia, and appellee did not appeal that portion of the order.

vice of arrest warrants. In *Leon,* the Supreme Court concluded that the exclusionary rule can have no deterrent effect when a police officer acted on an objectively reasonable belief that his conduct did not violate the fourth amendment. Assuming that *Leon* could have application to an invalid arrest warrant, because *Leon* takes into account the likely deterrent effect exclusion of evidence will have on police misconduct, we must consider whether that purpose would be served by excluding the evidence here.

If one were to look only at the actions of the arresting officer of the South Tucson Police Department, the conclusion would be that the ends of the exclusionary rule would not be advanced by holding the evidence inadmissible. However, under the facts of this case one must look beyond his actions and focus on the actions of the South Tucson Police Department. If police misconduct, whether it be negligent or deliberate, caused or contributed to the arrest notation being in the computer system, the police department would be responsible for not keeping its computer entries up to date. No evidence was presented to the trial court establishing that the police department was blameless in having the arrest warrant notation in its computer system. Although the state suggests that such was the case, it concedes that the record is silent in this regard. Accordingly, the ends of the exclusionary rule would be furthered in an appreciable way by holding the evidence inadmissible because such a holding would tend to deter the South Tucson Police Department from deliberately or negligently failing to keep its paperwork or computer entries up to date, exposing persons to a possible wrongful arrest.

We find no abuse of the trial court's discretion in granting this portion of the motion to suppress.

Affirmed.

ROLL, P.J., and HOWARD, J., concur.