836 P.2d 1024

**STATE of ARIZONA, Appellant,**

v.

**Isaac EVANS, Appellee.**

**No. 1 CA–CR 91–663.**

Court of Appeals of Arizona, Division 1, Department E.

May 19, 1992.

Review Granted Oct. 6, 1992.

Richard M. Romley, Maricopa County Atty. by Gerald R. Grant, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellee.

OPINION

EUBANK, Judge.

The State of Arizona appeals from the trial court's order granting defendant Isaac Evans's motion to suppress evidence. We reverse and remand for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

On December 13, 1990, a Phoenix justice of the peace issued a misdemeanor warrant

for Evans's arrest after he failed to appear on December 12, 1990 for several traffic violations. On December 19, 1990, however, Evans did appear before a judge pro tempore, who quashed the warrant.

Under the standard procedure for quashing a warrant, a justice court clerk calls the Maricopa County Sheriff's Office ("Sheriff's Office") to inform them that a warrant has been quashed. The Sheriff's Office then removes the warrant from its computer. After calling the Sheriff's Office, the justice court clerk makes a note in the appropriate file, indicating the clerk who made the telephone call and the person that the clerk spoke with at the Sheriff's Office. In this case, there was no indication in Evans's justice court file that a justice court clerk had called the Sheriff's Office to notify them of the quashed warrant. In addition, the Sheriff's Office also records all of the telephone calls it receives for quashed warrants. The Sheriff's Office also had no record of a telephone call, informing them that Evans arrest warrant had been quashed.

On January 8, 1991, the State filed a complaint against Evans, charging him with possession of marijuana, a class 6 felony. The complaint alleged that, on January 5, 1991, Evans had knowingly possessed or used less than one pound of marijuana, in violation of Ariz.Rev.Stat. Ann. ("A.R.S.") §§ 13–3405, –3401, and –3418.

On March 27, 1991, Evans filed a motion to suppress all evidence seized from him on January 5, 1991. At the evidentiary hearing on the motion to suppress, Officer Bryan Sargent testified that, on January 5, 1991, he stopped Evans for driving the wrong way on a one-way street. When he asked Evans for his driver's license, Evans replied that he did not have a license, because his license had been suspended. After conducting a records check, Officer Sargent found that Evans's driver's license had in fact been suspended and that there was a valid misdemeanor warrant for his arrest. While arresting Evans, however, Officer Sargent had difficulty handcuffing him. Therefore, he asked Evans to relax

one of his hands. When Evans relaxed his hand, he dropped a marijuana cigarette. Officer Sargent and another officer then searched the passenger compartment of the car and found a bag of marijuana under the passenger seat. The officers also found a package of cigarettes, rolling papers, and marijuana residue in Evans's passenger's purse.

In ruling on the motion to suppress the evidence, the trial court relied exclusively on *State v. Greene,* 162 Ariz. 383, 783 P.2d 829 (App.1989). The trial court found that our facts were indistinguishable from the facts in *Greene* and, therefore, granted Evans's motion to suppress the evidence. The trial court also granted the State's motion to dismiss without prejudice.

## ISSUE PRESENTED

The State presents one issue on appeal: Did the trial court abuse its discretion in granting Evans's motion to suppress the evidence?

## STANDARD OF REVIEW

■ This court will not reverse the trial court's ruling on a motion to suppress unless the trial court abused its discretion. *State v. Prince,* 160 Ariz. 268, 272, 772 P.2d 1121, 1125 (1989); *State v. Coats,* 165 Ariz. 154, 158–59, 797 P.2d 693, 697–98 (App.1990). On a motion to suppress evidence, this court must view the facts in a light most favorable to the trial court's ruling, and the trial court's ruling will not be disturbed absent clear and manifest error. *State v. Gerlaugh,* 134 Ariz. 164, 167, 654 P.2d 800, 803 (1982).

## DISCUSSION

The State argues that the trial court abused its discretion in granting Evans's motion to suppress. It contends that the facts in *Greene* are distinguishable from the facts in this case, because, in *Greene,* the police department was negligent in maintaining the computer records, whereas in this case the justice court employees were negligent in failing to inform the Sheriff's Office that Evans's arrest war-

rant had been quashed.[1] The State also argues that the arresting officers had no reason to know that the arrest warrant had been quashed. Further, it contends that the police officers were acting on a good faith belief that the arrest warrant was valid. Therefore, the State argues that, based on the good faith exception to the exclusionary rule and section 13–3925 of the Arizona Revised Statutes[2], the trial court abused its discretion in granting Evans's motion to suppress.

Evans argues that the trial court did not abuse its discretion in granting his motion to suppress. He contends that the facts of this case are indistinguishable from the facts of *Greene*. Thus, he argues that the trial court properly granted his motion to suppress.

## I.

In *Greene*, the South Tucson Police Department stopped appellee's van for a traffic violation. 162 Ariz. at 383, 783 P.2d at 829. The records check indicated that appellee had an outstanding City of Tucson arrest warrant based upon appellee's failure to appear for a previous traffic violation. *Id.* Greene was arrested and handcuffed, and a search of his pockets revealed narcotics. *Id.* The officers subsequently learned that the warrant had been quashed by Tucson City Court eight months earlier. *Id.* Appellee later moved to suppress the narcotics seized during the search, and the trial court partially granted his motion to suppress. *See id.* In affirming the trial court, the Arizona Court of Appeals stated as follows:

> If one were to look only at the actions of the arresting officer of the South Tucson Police Department, the conclusion would be that the ends of the exclusionary rule would not be advanced by holding the evidence inadmissible. However, under the facts of this case one must look beyond his actions and focus on the

actions of the South Tucson Police Department. If police misconduct, whether it be negligent or deliberate, caused or contributed to the arrest notation being in the computer system, the police department would be responsible for not keeping its computer entries up to date. No evidence was presented to the trial court establishing that the police department was blameless in having the arrest warrant notation in its computer system. Although the state suggests that such was the case, it concedes that the record is silent in this regard. Accordingly, the ends of the exclusionary rule would be furthered in an appreciable way by holding the evidence inadmissible because such a holding would tend to deter the South Tucson Police Department from deliberately or negligently failing to keep its paperwork or computer entries up to date, exposing persons to a possible wrongful arrest.

*Id.* at 384, 783 P.2d at 830.

The facts in this case are distinguishable from the facts in *Greene*. In *Greene*, the court upheld the suppression of the evidence to "deter the South Tucson Police Department from deliberately or negligently failing to keep its paperwork or computer entries up to date, [thereby] exposing persons to a possible wrongful arrest." *Id.* In this case, however, there is no evidence that the arresting officers or the Phoenix Police Department were negligent in any way. In fact, the police officers would have been negligent had they not arrested Evans for his outstanding arrest warrant. Further, in *Greene*, the court upheld the suppression of the evidence, because "[n]o evidence was presented to the trial court establishing that the police department was blameless in having the arrest warrant notation in its computer system." *Id.* However, in this case, the State presented evidence indicating that the justice court employees, not the Phoenix Police Depart-

---

**1.** The trial court, however, indicated that two different inferences could be drawn from these facts. First, a justice court clerk could have failed to call the Sheriff's Office to inform them of the quashed warrant. Alternatively, a justice court clerk could have called the Sheriff's Of-

fice, informing them of the quashed warrant, and then failed to record the telephone call in Evans's justice court file.

**2.** *See infra* pp. 317–318.

ment, were negligent in failing to inform the Sheriff's Office that Evans's arrest warrant had been quashed. For these reasons, the facts in *Greene* are distinguishable from the facts in this case.

## II.

At the evidentiary hearing, the trial court appeared to overgeneralize the rationale behind the exclusionary rule. The trial court specifically stated as follows:

> [The *Greene* court] make[s] it clear that what [it is] trying to do is to deter negligence; in that case, to deter the negligence of the ... South Tucson Police Department.... And in this case, perhaps the negligence of the Justice Court, or the negligence of the Sheriff's office. But it is still the negligence of the State.

The United States Supreme Court has repeatedly stated that the purpose of the exclusionary rule is to deter unlawful *police conduct*. E.g., *United States v. Leon*, 468 U.S. 897, 916, 104 S.Ct. 3405, 3417, 82 L.Ed.2d 677 (1984) (emphasis added); *Michigan v. Tucker*, 417 U.S. 433, 446, 94 S.Ct. 2357, 2364, 41 L.Ed.2d 182 (1974) (emphasis added). Although this case involves an arrest warrant and *Leon* and *Tucker* both involve search warrants, the Arizona Court of Appeals has concluded that *Leon* may also apply in an invalid arrest warrant situation. *See Greene*, 162 Ariz. at 384, 783 P.2d at 830. In *Michigan v. Tucker*, the Court stated that, when a *police officer* acts in complete good faith, "the deterrence rationale [of the exclusionary rule] loses much of its force." 417 U.S. at 447, 94 S.Ct. at 2365 (emphasis added). In *Leon*, the Court clarified the good faith exception to the exclusionary rule, stating that if a *police officer's* actions are objectively reasonable, "excluding the evidence will not further the ends of the exclusionary rule in any appreciable way...." 468 U.S. at 919–20, 104 S.Ct. at 3419 (quoting *Stone v. Powell*, 428 U.S. 465, 539, 96 S.Ct. 3037, 3073, 49 L.Ed.2d 1067 (1976) (White, J., dissenting)) (emphasis added).

■ We find that the arresting officers' actions in this case were objectively reason-

able. *See id.* The arresting officers had absolutely no way of knowing that Evans's arrest warrant had been quashed. Further, the exclusionary rule is intended to deter police misconduct and not to punish errors of judges and magistrates. *Id.*, 468 U.S. at 916, 104 S.Ct. at 3417. Similarly, we believe that the exclusionary rule is not intended to deter justice court employees or Sheriff's Office employees who are not directly associated with the arresting officers or the arresting officers' police department. *See id.* In this case, excluding evidence because of a clerical error outside of the control of the Phoenix Police Department would not deter the justice court employees or the Sheriff's Office employees from making such errors in the future. In fact, a justice court employee testified that this sort of error occurs only about once every three or four years. Moreover, excluding evidence would not deter the Phoenix Police Department from relying on invalid arrest warrants, because there was no indication that the arresting officers or the Phoenix Police Department were negligent in relying on Evans's arrest warrant. Therefore, the purpose of the exclusionary rule would not be served by excluding the evidence obtained in this case.

## III.

■ Arizona also has a good faith exception statute. *See* A.R.S. § 13–3925 (1989). In pertinent part, section 13–3925 provides as follows:

> A. If a party in a criminal proceeding seeks to exclude evidence from the trier of fact because of the conduct of a peace officer in obtaining the evidence, the proponent of the evidence may urge that the peace officer's conduct was taken in a reasonable, good faith belief that the conduct was proper and that the evidence discovered should not be kept from the trier of fact if otherwise admissible.

> B. The trial court shall not suppress evidence which is otherwise admissible in a criminal proceeding if the court determines that the evidence was seized by a peace officer as a result of a good faith mistake or technical violation.

C. In this section:

1. "Good faith mistake" means a reasonable judgmental error concerning the existence of facts which if true would be sufficient to constitute probable cause.

2. "Technical violation" means a reasonable good faith reliance upon:

.    .    .    .    .

(b) A warrant which is later invalidated due to a good faith mistake.

*Id.* The Arizona Court of Appeals has held that A.R.S. section 13-3925 is "both within the power of the legislature to enact and offends neither the state nor federal constitutions." *Coats*, 165 Ariz. at 158, 797 P.2d at 697. Under Arizona's good faith exception statute, we find that neither the arresting officers nor the Phoenix Police Department were negligent in arresting Evans or in searching his person. *See* A.R.S. § 13-3925 (1989). We also find that the trial court abused its discretion by suppressing the evidence. *See id.* Moreover, we conclude that A.R.S. section 13-3925 is inapplicable to the conduct of the justice court employees or the Sheriff's Office's employees in this case. *See id.*

Therefore, we find that the trial court abused its discretion in granting Evans's motion to suppress.

## CONCLUSION

For the foregoing reasons, we find that the trial court abused its discretion in granting Evans's motion to suppress evidence. Therefore, we reverse and remand for further proceedings consistent with this opinion.

VOSS, P.J., concurs.

CLABORNE, Judge, dissenting.

I respectfully dissent. The record is clear on several points. First, the arrest of Evans was only because of the outstanding warrant reflected by the computer. Second, it is not clear at all that the justice court failed to notify the sheriff that the warrant had been quashed by the justice court. Nevertheless, the responsibility for a valid warrant to arrest remains with those effecting that arrest. Third, the arrest warrant had been quashed for approximately twenty-four days.

First, I feel that *State v. Greene,* 162 Ariz. 383, 783 P.2d 829 (App.1989), controls this case. A fair reading of that case indicates that if the police are negligent in failing to keep their computer entries up to date, the evidence obtained by an arrest based on a warrant which had been quashed should be suppressed. The trial court was well within its discretion in coming to the conclusion that they could have been negligent.

Second, although the case is not directly on point, a plethora of cases dealing with invalid warrants and police computer entries was collected in *State v. Peterson,* 171 Ariz. 333, 335, 830 P.2d 854 (App.1991).

Finally, *Peterson* held that the "good faith" exception to the exclusionary rule permitting the introduction of evidence obtained through an invalid arrest warrant does not apply to this kind of case, either on the basis of the Arizona statute or on the basis of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). It is the responsibility of the police to update their records, and such a failure should not overcome a defendant's constitutional right to a valid warrant or probable cause before an arrest and search. There is a growing problem with police reliance on electronically recorded and disseminated criminal files. *See People v. Joseph,* 128 Ill.App.3d 668, 83 Ill.Dec. 883, 470 N.E.2d 1303 (1984). There is nothing in this record which would justify disturbing the discretion of the trial court in suppressing this evidence under these facts. I would affirm.