UNITED STATES of America

v.

Leon Anapole HICKMAN.

Crim. No. 94–118–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Dec. 13, 1994.

Anthony Franklin Anderson, Tony Anderson and Tom Blaylock, Roanoke, VA, for defendant.

Joseph William Hooge Mott, U.S. Attorney's Office, Roanoke, VA, for plaintiff.

## MEMORANDUM OPINION

WILSON, District Judge.

Defendant Leon Anapole Hickman moved to suppress evidence, obtained in a search of his person during his arrest pursuant to a warrant, on the grounds that his arrest was a pretext to search him for evidence of illegal drugs and, further, that the arrest warrant was invalid, thus making the search pursuant to his arrest illegal. After hearing testimony and arguments on the matter, the court made findings of fact in open court and ruled that the evidence was admissible at trial. This opinion memorializes that ruling.

### I.

On May 20, 1994, the Circuit Court for the City of Roanoke issued a capias for the arrest of Hickman because he failed to appear at a hearing for his appeal of a contempt of court conviction. Shortly thereafter, Roanoke law enforcement officers made several unsuccessful attempts to find and arrest Hickman. On August 19, 1994, officers of the Roanoke City Police Vice Bureau, acting on a tip, located Hickman and arrested him pursuant to the capias. In a search incident

to the arrest, the officers seized crack cocaine and other items from Hickman, who was then charged with possession with intent to distribute crack cocaine. On September 2, 1994, the Circuit Court for the City of Roanoke dismissed the May 20, 1994 capias on the grounds that it lacked jurisdiction over Hickman's case because he had failed to perfect his appeal by posting an appeal bond. Now standing trial in this court on drug trafficking charges, Hickman moves for the suppression of evidence obtained in the August 19, 1994 search.

## II.

 Hickman first argues that his arrest pursuant to the capias was a pretext to search him for evidence of illegal drugs. There is no dispute that the Roanoke law enforcement officers who arrested Hickman were empowered to do so by an outstanding capias and that they searched him pursuant to that arrest. As such, they took no action that they were not legally authorized to take. When law enforcement officers do no more than they are objectively authorized to do, their motives in doing so are irrelevant. *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1374, 128 L.Ed.2d 50 (1994). In such an instance, there is no Fourth Amendment intrusion even if the officer would not have acted absent "suspicion of other criminal activity." *Id.* Furthermore, it is apparent here that the officers were not holding the capias until an especially opportune moment arose since several previous attempts to serve the capias had been made, and there is no evidence that the officers were acting in a way designed to circumvent the Fourth Amendment. Accordingly, the court finds that the search of Hickman was not invalid because it was pretextual.

## III.

 Hickman next asserts that the capias was invalid, that, therefore, the search

incident to his arrest was illegal, and that the evidence obtained in the search should be suppressed under the exclusionary rule. The exclusionary rule is a judicially created doctrine that prohibits the use of illegally seized evidence in order to deter police misconduct, namely to prevent law enforcement officers from infringing on the Fourth Amendment rights of suspects. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). However, when a law enforcement officer acts in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate that is subsequently invalidated, evidence obtained pursuant to that warrant can be used even through the items were seized illegally because of defects in the warrant. *Id.* at 922–23, 104 S.Ct. at 3420–21.

 Here, Hickman's arrest was based on a capias that was improperly issued by the Circuit Court for the City of Roanoke.[1] As such, the question is whether the exclusionary rule applies to evidence seized pursuant to a warrant mistakenly issued by the judiciary. This court finds that it does not. In *Leon*, the Supreme Court articulated the purpose of the exclusionary rule: "[T]he exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." 468 U.S. 897, 916, 104 S.Ct. 3405, 3417, 82 L.Ed.2d 677 (1984). The Court further stated that "there exists no evidence suggesting that judges and magistrates are inclined to ignore or subvert the Fourth Amendment or that lawlessness among these actors requires application of the extreme sanction of exclusion." *Id.* In sum, *Leon* effectively limited the application of the exclusionary rule to instances of police misconduct. *See United States v. Hyten*, 5 F.3d 1154, 1156 n. 5 (8th Cir.1993) (stating that even if a magistrate made a constitutional error in the issuance of a search warrant, evidence obtained therefrom would not be excluded if the executing officer's reliance upon it was objectively rea-

---

1. Hickman contends that the capias was erroneously issued and, thus, invalid. Whether the capias was, in fact, improperly issued remains undecided. The Circuit Court for the City of Roanoke dismissed the capias because Hickman's appeal was not properly pending before it. That does not mean that the circuit court lacked jurisdiction to issue the capias in the first place, however. Nonetheless, for the purposes of this opinion, the court will assume that the capias was issued erroneously.

sonable). There is no dispute that the error here is the circuit court's issuance of the capias. Police misconduct has not been proven. As such, the exclusionary rule does not apply.

Hickman argues that a decision by the Supreme Court of Arizona is authority for application of the exclusionary rule when errors are made by judicial employees. *See Arizona v. Evans*, 177 Ariz. 201, 866 P.2d 869 (1994), *cert. granted*, —— U.S. ——, 114 S.Ct. 2131, 128 L.Ed.2d 862 (1994). In *Evans*, a computerized police record failed to show that an arrest warrant for the defendant had been quashed. The defendant was arrested pursuant to the quashed warrant and incriminating evidence was seized. Although the evidence did not establish whether judicial employees had failed to notify the police that the warrant had been quashed or whether police personnel had failed to record the information in the computer system, the court held that the Fourth Amendment required suppression.

*Evans* is distinguishable on at least two grounds. First, the error in *Evans* was ministerial. The judge quashed the warrant and someone in a ministerial capacity failed to convey that fact. In the present case, the *issuance* of the capias is the error alleged. The error, therefore, is a judicial error, a discretionary error by a judge not a ministerial error or an abuse of power by the police. As *Leon* underscores, the exclusionary rule was concerned with police power not judicial power. Second, in *Evans* the police relied upon a nonexistent warrant. In essence, they made a warrantless arrest. Here, the police relied upon a capias that was dismissed only after it was executed. Since the police had no indication that the capias was anything but valid, the police did nothing wrong in relying upon it, arresting Hickman, and searching him incident to that arrest.

### IV.

For the reasons stated in open court and those articulated above, the court denied Hickman's motion to suppress.